UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

RONALD HAMILTON,

        Plaintiff,

   v.

PRUDENTIAL FINANCIAL; THE PRUDENTIAL INSURANCE COMPANY OF AMERICA; JP MORGAN CHASE BANK as TRUSTEE of the AMERICAN INSTITUTE of CERTIFIED PUBLIC ACCOUNTANTS INSURANCE TRUST; THE AMERICAN INSTITUTE OF CERTIFIED PUBLIC ACCOUNTANTS TRUST; DOES 1-50 inclusive,

        Defendants.

No. 2:07-cv-00944-MCE-DAD

MEMORANDUM AND ORDER

----oo0oo----

In bringing the present action, Plaintiff Ronald Hamilton seeks damages based upon claims arising from an insurance policy issued by Defendant The Prudential Insurance Company of America ("Defendant"). Defendant removed Plaintiff's lawsuit, initially filed in state court, to this Court based upon diversity of citizenship under 28 U.S.C. § 1332.

///

In his First Amended Complaint, Plaintiff alleges breach of contract (Count I), breach of the covenant of good faith and fair dealing (Count II), and intentional infliction of emotional distress (Count III).

Defendant now moves to dismiss the claim for intentional infliction of emotional distress (Count III) for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).

For reasons set forth below, Defendant's Motion to Dismiss Count III will be GRANTED, without leave to amend.[1]

**BACKGROUND**

Plaintiff entered into a written contract for a long term disability insurance policy (Policy) with Defendant sometime before 1998. Plaintiff alleges that he succumbed to alcoholism in August 1998 which made him unable to continue working as a self-employed accountant. Plaintiff made a claim under the Policy soon thereafter and subsequently received total disability benefits from approximately February of 1999 until November 2005.

During this period, Plaintiff claims he attempted to return to work on three occasions after achieving apparent sobriety, only to relapse back into alcoholism. Nonetheless, according to Plaintiff, on or about November 1, 2005 Defendant terminated his benefits despite his allegedly continuing disability.

---

[1] Because oral argument will not be of material assistance, the Court orders this matter submitted on the briefs. E.D. Cal. Local Rule 78-230(h).

2

1 Plaintiff asserts that he requested reinstatement of his benefits
2 because it was impossible for him to return to work. Defendant
3 refused on grounds there was no medical evidence to show
4 Plaintiff was prevented from performing his occupational duties.
5     Plaintiff alleges in terminating the policy benefit
6 payments, the Defendant acted "despicably, willfully, wantonly,
7 oppressively, fraudulently or in conscious disregard of the
8 plaintiff's rights." Pl.'s Compl., ¶ 25.  Plaintiff further
9 alleges Defendant acted, "with the intent to annoy, harass or
10 injure plaintiff..." and "pursued an outrageous course of
11 conduct, intentionally and recklessly, proximately causing
12 plaintiff severe emotional distress, shock and other highly
13 unpleasant emotions." Id. at ¶¶ 37, 30.  Plaintiff claims that as
14 a result of the Defendant's conduct, Plaintiff has "suffered
15 mental and emotional distress, including, but not limited to,
16 frustration, depression, nervousness and anxiety..." Id. at ¶ 22.
17     In its Motion to Dismiss, Defendant claims Plaintiff cannot
18 allege facts demonstrating "extreme and outrageous" conduct, and
19 that Plaintiff cannot allege a "severe injury" necessary to
20 maintain the claim for intentional infliction of emotional
21 distress.  Def.'s Mot. to Dismiss at pp. 3-5.  Consequently,
22 Defendant claims Plaintiff has not pled sufficient facts
23 necessary to state a claim upon which relief can be granted.
24 Plaintiff has not opposed the Motion.
25 ///
26 ///
27 ///
28 ///

**STANDARD**

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), all allegations of material fact must be accepted as true and construed in the light most favorable to the nonmoving party. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996). Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Conley v. Gibson, 355 U.S. 41, 47, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957). While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955, 1964-65 (2007) (internal citations and quotations omitted). Factual allegations must be enough to raise a right to relief above the speculative level. Id. at 1965 (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004) ("The pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action").

///
///
///
///

1  If the court grants a motion to dismiss a complaint, it must
2 then decide whether to grant leave to amend.  The court should
3 "freely give[]" leave to amend when there is no "undue delay, bad
4 faith[,] dilatory motive on the part of the movant, . . . undue
5 prejudice to the opposing party by virtue of . . . the amendment,
6 [or] futility of the amendment. . . ."  Fed. R. Civ. P. 15(a);
7 Foman v. Davis, 371 U.S. 178, 182 (1962).  Generally, leave to
8 amend is only denied when it is clear that the deficiencies of
9 the complaint cannot be cured by amendment.  DeSoto v. Yellow
10 Freight Sys., Inc., 957 F.2d 655, 658 (9th Cir. 1992).

## ANALYSIS

14  To state a claim for intentional infliction of emotional
15 distress, Plaintiff must allege: (1) outrageous conduct by
16 Defendant, (2) Defendant intentionally caused or recklessly
17 disregarded the probability of causing emotional distress,
18 (3) Plaintiff suffered severe or extreme emotional distress, and
19 (4) Defendant's outrageous conduct was the actual and proximate
20 cause of Plaintiff's emotional distress.  Trerice v. Blue Cross of
21 Cal., 209 Cal. App. 3d 878, 883 (1989).
22  Initially, the court determines if the conduct is
23 sufficiently extreme and outrageous to permit recovery.
24 Tollefson v. Roman Catholic Bishop of San Diego, 219 Cal. App. 3d
25 843, 858 (1990).  The outrageousness of a defendant's conduct
26 normally presents an issue of fact to be determined by the trier
27 of fact.  Trerice, 209 Cal. App. 3d at 883
28 ///

5

An insurance company acting in an outrageous manner while asserting a valid economic interest may still be liable for intentional infliction of emotional distress. Fletcher v. Western National Life Insurance Co., 10 Cal. App. 3d 376, 396 (1970).

**A.   Extreme and Outrageous Conduct**

In order to sufficiently plead a claim for intentional infliction of emotional distress, Defendant's conduct must have been "so extreme as to exceed all bounds of that usually tolerated in a civilized community." Ricard v. Pacific Indemnity Co., 132 Cal. App. 3d 886, 895, 183 Cal. Rptr. 502 (1982); Trerice, 209 Cal. App. 3d at 883, n.4; Cervantes v. J.C. Penney Co., Inc., 24 Cal. 3d 579, 593 (1979).  Conduct that is objectively offensive and that breaches societies standards of decency may still not qualify as outrageous conduct. Yurick v. Superior Court (Antonetti), 209 Cal. App. 3d 1116, 1123 (1989). On the spectrum of offensiveness, outrageous conduct is the most extreme or severe form of offensiveness, and anything less is without legal recourse.  Id. at 1128-1129.

Deciding whether conduct qualifies as outrageous must be done using a case-by-case analysis because there is no "bright-line" test.  Yurick, 209 Cal. App. 3d at 1128.  In Schlauch v. Hartford Accident & Indemnity Co., 146 Cal. App. 3d 926 (1983), the insurer delayed payment of the policy limits for two and one-half years in a third-party claim with undisputed liability.
///
///

6

1  Plaintiff brought a bad-faith claim against the insurer, which
2  included a third cause of action alleging that the insurer had
3  acted outrageously and with intent to inflict emotional distress.
4  The court of appeal affirmed the demurrer of this claim, stating,

> "We finally note one additional flaw in plaintiff's pleading. The third cause of action simply asserts that Hartford acted outrageously and with intent to inflict emotional distress. The failure to accept an offer of settlement or the violation of statutory duties under Insurance Code Section 790.03 does not in itself constitute the type of outrageous conduct which will support a cause of action for intentional infliction of emotional distress."

Id. at 936, citing Ricard, 132 Cal.App.3d at 894; Beckham v. Safeco Ins. Co. of America, 691 F.2d 898, 904 (9th Cir. 1982).

In Ricard, the plaintiff sustained an injury to his back in the course of his employment. 132 Cal. App. 3d at 889. Plaintiff's employer was insured by Pacific Indemnity Company. For several weeks following his injury, plaintiff was incapacitated and required medical treatment from an orthopedic surgeon.  The orthopedic surgeon advised him that his disability was chronic, and would reoccur for the rest of his life.  Pacific Indemnity paid for three of plaintiff's treatments but failed to pay for the fourth treatment.  Plaintiff wrote Defendant a letter stating that its denial of payment was causing him "great emotional distress" and "fear and worry." Id.  Plaintiff filed an action alleging intentional infliction of emotional distress based on the insurer's refusal properly to investigate and process plaintiff's claim and communicate with plaintiff concerning his claim, and its denial of the claim. Id. at 890.
///

7

1    The appellate court sustained the trial court's decision to
2 grant the defendant's demurrer, stating: "One element of the tort
3 is 'outrageous conduct,' and in order to satisfy that element a
4 defendant's conduct must be 'so extreme as to exceed all bounds
5 of that usually tolerated in a civilized community.' (citations
6 omitted).  We believe the trial court was justified in
7 concluding, as a matter of law, that defendant's conduct, as
8 pleaded, could not be deemed 'outrageous' within that
9 definition . . ."  Ricard, 132 Cal.App.3d at 895.
10   In the present matter, the Court finds that Plaintiff has
11 not pled conduct on Defendant's part which rises to the level of
12 being outrageous.  Defendant has a valid economic interest in the
13 benefits paid to insured individuals, and Defendant may
14 investigate those claims under the terms of the insurance policy.
15 An allegation that Defendant refused to pay benefits to Plaintiff
16 after approximately five years of continuing payment, without
17 more, is not outrageous conduct.  Both Ricard and Schlauch stand
18 for the proposition that an insurer's conduct in denying claims
19 submitted under a disability policy does not in and of itself
20 constitute outrageous conduct.   Plaintiff has failed to plead
21 additional facts constituting outrageous conduct that are
22 sufficient to survive a motion to dismiss for failure to state a
23 claim upon which relief can be granted.
24 ///
25 ///
26 ///
27 ///
28 ///

**B.   Severe or Extreme Emotional Distress**

To satisfy the third element of the tort of intentional infliction of emotional distress, a plaintiff must have suffered severe or extreme emotional distress. Sawhney v. Allstate Ins. Co., 1995 U.S. Dist. LEXIS 9261 (D. Cal. 1995); Bogard v. Employers Casualty Co., 164 Cal. App. 3d 602, 616 (1985). Severe emotional distress is defined as emotional distress of such a quantity or enduring quality that no reasonable member of society should be expected to endure it. Bogard, 164 Cal. App. 3d at 616; Fletcher v. Western National Life Ins. Co., 10 Cal. App. 3d 376, 397 (1970).

Courts have relied upon and adopted the explanation of severe or extreme emotional distress as stated in the Restatement Second of Torts, section 46, comment j: "emotional tranquility is seldom attainable in this world, and some degree of transient and trivial emotional distress is a part of the price of living among people. The law intervenes only where the distress inflicted is so severe that no reasonable man could be expected to endure it." Id. at 397; Bogard, 164 Cal. App. 3d at 616. Facts need to be alleged that indicate the nature or extent of any mental distress suffered as a result of the alleged outrageous conduct. Bogard, 164 Cal. App. 3d at 616.

In the present matter, Plaintiff has failed to allege facts that show he suffered from mental distress of such a severe nature that no reasonable member of society should be expected to endure it.

///

///

Plaintiff has alleged that he suffered from "depression," "frustration," "nervousness and anxiety," but these conclusory statements lack the necessary specific facts to show their nature or extent. It is not uncommon for members of society to feel these emotions on any given day for a variety of reasons. The Court finds the Plaintiff has failed to state facts indicating severe or extreme emotional distress sufficient to survive a motion to dismiss for a failure to state a claim upon which relief can be granted.

**CONCLUSION**

For the forgoing reasons, Defendants' Motion to Dismiss the claim of intentional infliction of emotional distress for failure to state a claim upon which relief can be granted is GRANTED.

In light of Plaintiff's lack of opposition to the motion to dismiss and the court's belief that Plaintiff will not be able to allege sufficient facts to sustain a claim for intentional infliction of emotional distress, leave to amend is NOT GRANTED.

IT IS SO ORDERED.

Dated: September 26, 2007

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE