UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

ROBERT HAMILTON,                          No. 2:07-cv-00944-MCE-DAD

      Plaintiff,

  v.                                      MEMORANDUM AND ORDER

THE PRUDENTIAL INSURANCE
COMPANY OF AMERICA,

      Defendant.

----oo0oo----

Through the present action, Plaintiff Ronald Hamilton ("Plaintiff") seeks redress from an alleged breach of contract and breach of the covenant of good faith and fair dealing arising from Defendant The Prudential Insurance Company of America ("Defendant") terminating Plaintiff's benefits under his long-term disability insurance plan. Presently before the Court is Defendant's Motion for Summary Judgment, or in the Alternative Summary Adjudication of Issues, pursuant to Federal Rule of Civil Procedure 56. For the following reasons, Defendant's Motion for Summary Judgment is denied.

**BACKGROUND**

During the late 1980s, Plaintiff purchased a long-term disability policy ("Policy") issued by Defendant. Under the policy, Plaintiff may qualify for $3,000 in monthly benefits in the event of "total disability" after a 26-week elimination period. The Policy defines "total disability" as follows:

> "Total Disability" exist when Prudential determines that both of these conditions are met.
>
> 1) Due to sickness or accidental bodily injury, he cannot perform for wage or profit the material and substantial duties of his occupation.
>
> 2) He is not engaged in any gainful occupation and is not confined in prison or other house of correction due to a conviction in a court of law.

Plaintiff was a self-employed CPA who submitted a claim form to Defendant on June 25, 1999 claiming disability since August 1, 1998 due to alcoholism. After a review of his case, on February 1, 1999 Defendant began paying Plaintiff a monthly benefit of $3,000.

Defendant continued to find Plaintiff to be disabled within the meaning of the policy until November 1, 2005, at which point it deemed Plaintiff "no longer disabled." Twice before this final determination Defendant sought to terminate his payments, but both times Plaintiff was reinstated following appeal based upon a finding that Plaintiff was still disabled.

///
///
///
///

**ANALYSIS**

The Federal Rules of Civil Procedure provide for summary judgment when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). One of the principal purposes of Rule 56 is to dispose of factually unsupported claims or defenses. Celotex Corp. v. Catrett, 477 U.S. 317, 323-324 (1986).

Rule 56 also allows a court to grant summary adjudication on part of a claim or defense. See Fed. R. Civ. P. 56(a) ("A party claiming relief may move...for summary judgment on all or part of the claim."); see also Allstate Ins. Co. v. Madan, 889 F. Supp. 374, 378-79 (C.D. Cal. 1995); France Stone Co., Inc. v. Charter Township of Monroe, 790 F. Supp. 707, 710 (E.D. Mich. 1992).

The standard that applies to a motion for summary adjudication is the same as that which applies to a motion for summary judgment. See Fed. R. Civ. P. 56(a), 56(c); Mora v. ChemTronics, 16 F. Supp. 2d. 1192, 1200 (S.D. Cal. 1998).

> A party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

Celotex Corp. v. Catrett, 477 U.S. at 323 (quoting Rule 56(c)). If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist.

3

Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 585-87 (1986); First Nat'l Bank v. Cities Serv. Co., 391 U.S. 253, 288-89 (1968).

In attempting to establish the existence of this factual dispute, the opposing party must tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists. Fed. R. Civ. P. 56(e). The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 251-52 (1986); Owens v. Local No. 169, Assoc. of Western Pulp and Paper Workers, 971 F.2d 347, 355 (9th Cir. 1987). Stated another way, "before the evidence is left to the jury, there is a preliminary question for the judge, not whether there is literally no evidence, but whether there is any upon which a jury could properly proceed to find a verdict for the party producing it, upon whom the onus of proof is imposed." Anderson, 477 U.S. at 251 (quoting Schuylkill and Dauphin Improvement Co. v. Munson, 81 U.S. 442, 448 (1871)). As the Supreme Court explained, "[w]hen the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts....Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" Matsushita, 475 U.S. at 586-87.

4

1    In resolving a summary judgment motion, the evidence of the
2 opposing party is to be believed, and all reasonable inferences
3 that may be drawn from the facts placed before the court must be
4 drawn in favor of the opposing party.  Anderson, 477 U.S. at 255.
5 Nevertheless, inferences are not drawn out of the air, and it is
6 the opposing party's obligation to produce a factual predicate
7 from which the inference may be drawn.  Richards v. Nielsen
8 Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985),
9 aff'd, 810 F.2d 898 (9th Cir. 1987).
10    Defendant begins its Motion for Summary Judgment with the
11 contention that, "Here, the burden is on Hamilton to establish
12 that he qualified for benefits under the policy."  Defendant goes
13 on to claim that the "relevant portions of the claim file, the
14 unidsputed facts, and the declaration of Prudential's expert
15 witness Dr. David Glaser, all demonstrate that Hamilton is not
16 disabled under the terms of the policy."
17    However Defendant, mis-states the law.  Rather, in a motion
18 for summary judgment the burden is on the moving party, in this
19 case the Defendant, to demonstrate an absence of genuine issues
20 of material fact.  Here, what lies at the crux of parties
21 dispute, and continues to exist as dispute, is the determination
22 of whether Plaintiff suffers from a sickness preventing him from
23 performing the substantial duties of his occupation.
24 ///
25 ///
26 ///
27 ///
28 ///

5

1 | Thus, the inquiry into Plaintiff's requisite disability is
2 | wholly factual in nature.  While Defendant may assert that its
3 | own submitted declarations demonstrate that Hamilton is not
4 | disabled under the policy, Plaintiff's long time treating
5 | physician, Dr. Michael Abate, M.D., has advised that if Plaintiff
6 | would return to work there would be a significant risk he would
7 | relapse.  McKennon Decl., Exh. B, 56:4-6.  Defendant attacks the
8 | reliability of Dr. Abate's testimony, and urges the Court to
9 | instead rely on its own expert.  However the very acknowledgment
10 | of disagreement between these physicians confirms that a material
11 | issue remains in dispute.
12 | Defendant goes on to argue that "risk of relapse" is not a
13 | disability covered by ERISA-governed benefit plans, and therefore
14 | summary judgment is still warranted. In doing so, Defendant cites
15 | to several cases, most notably <u>Stanford v. Continental Casualty</u>
16 | <u>Co.</u>, 514 F.3d 354 (4th Cir. 2008).  However, <u>Stanford</u> itself
17 | emphasizes that "there exists no single legally required answer
18 | to [the] difficult question" of whether risk of relapse qualifies
19 | as a disability.  <u>Stanford</u>, 514 F.3d at 359.  Therefore it does
20 | not exist as a clear matter of law that Plaintiff would not
21 | qualify for benefits under the plan. Other cases exist in which
22 | the question whether risk of relapse constitutes a disability has
23 | been put to the jury.  <u>See, e.g.</u> <u>Hellman v. Union Central Life</u>
24 | <u>Insurance Co.</u>, 175 F. Supp. 2d 1044, 1049-50 (M.D. Tenn.2001);
25 | <u>Brosnan v. Provident Life and Accident Insurance Co.</u>, 31 F. Supp.
26 | 2d 460, 464 (E.D. Pa. 1998).
27 | ///
28 | ///

Accordingly, there remains before the Court a triable issue of fact as to the matter of Plaintiff's disability. Thus, summary judgment is improper and Defendant's Motion is denied.

Similarly, Defendant's motion for summary adjudication of Plaintiff's bad faith claim and request for punitive damages is denied. Plaintiff may prevail on his bad faith claim if he can prove 1) that the benefits due under the policy were withheld; and 2) the reason for withholding benefits was unreasonable or without proper cause. Love v. Fire Ins. Exch., 221 Cal. App. 3d 1136, 1151 (1990). The reasonability of Defendant's actions under the circumstances is inherently a factual inquiry as is the determination of whether punitive damages are warranted.

## CONCLUSION

For the reasons stated above, Defendant's Motion for Summary Judgment (Docket No. 49) is DENIED without prejudice.[1]

IT IS SO ORDERED.

Dated: January 15, 2010

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

---

[1] Because oral argument will not be of material assistance, the Court ordered this matter submitted on the briefing. E.D. Cal. Local Rule 78-230(h).

7